UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Benjamin Heyward, # 165514, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 6:14-451-JFA-KFM |
| | ) | |
| vs. | ) | |
| | ) | |
| Clerk of Court, CP/GS, Family Court, Charleston County; | ) ) | **ORDER** |
| Julie J. Armstrong, *Clerk*; | ) | |
| John Doe, *Prosecutor*; | ) | |
| John Doe, *Judge*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## *Background of this Case*

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. In the above-captioned case, Plaintiff has brought suit against the Clerk of Court for Charleston County, an unknown prosecutor, and an unknown judge.

In the "STATEMENT OF CLAIM" portion of the Section 1983 Complaint, Plaintiff alleges: *(1)* while Plaintiff was in prison for kidnapping and awaiting trial on a sexual misconduct charge, prosecutor John Doe and Judge John Doe entered an unauthorized guilty plea on Plaintiff's behalf; *(2)* Plaintiff's sexual misconduct charge was reversed and remanded on May 28, 2002, for a new trial ; *(3)* Clerk of Court Armstrong has conspired with the other two defendants by failing to provide Plaintiff a copy of the sentencing sheet; *(4)* each defendant has acted under color of state law; *(5)* the unauthorized guilty plea constituted a Due Process violation; (6) as a result of the alleged violations of Plaintiff's constitutional rights, Plaintiff has suffered mental and emotional

distress, nervousness, worry, loss of sleep, headaches, and dizziness; *(7)* due to dizziness, Plaintiff slipped and fell to the floor on March 30, 2013, and injured his right knee; *(8)* Plaintiff's right knee was swollen for nine days, and Plaintiff cannot stand, walk, or run for long periods of time and must wear a knee sleeve; and *(9)* for lack of sleep, Plaintiff has been placed on "Doexpain," which has side effects (ECF No. 1 at 4–5).

In his prayer for relief, Plaintiff seeks a permanent injunction, medical treatment for his right knee, "money damages" of $200,000 from each defendant, compensatory damages of $200,000 from each defendant, punitive damages of $200,000 from each defendant, a jury trial, costs, and any other relief deemed to be appropriate by this Court (ECF No. 1 at 6).

Appended to the Complaint are various exhibits. One exhibit is a slip copy of the opinion of the South Carolina Court of Appeals in *State v. Heyward*, 564 S.E.2d 379 (S.C.Ct.App. 2002) (ECF No 1-1 at 1–6); a copy of a sentencing sheet on the charge of assault with intent to commit criminal sexual conduct, which was signed on September 24, 1998, by the Honorable Daniel E. Martin, Sr., South Carolina Circuit Judge (*Id.* at 7–8); a sentencing sheet for the charge of kidnapping signed on September 24, 1998, by Judge Martin (*Id.* at 9–10); a complaint directed to South Carolina Court Administration by Plaintiff on December 10, 2013 (*Id.* at 11–12); a letter dated May 16, 2012, from the Sheriff of Charleston County regarding Warrant F339582 (ECF No. 1-2 at 1); a courtesy copy of a letter dated January 9, 2014, from the Sheriff of Charleston County to Defendant Armstrong regarding an inquiry by Plaintiff (*Id.* at 2); a letter dated April 23, 2012, from the Sheriff of Charleston County regarding Warrants F340859, F340860, and 97GS1038-7 (*Id.*

at 3); a copy of a letter dated September 3, 2013, from Plaintiff to Defendant Armstrong requesting a copy of his sentencing sheet for Warrant 97GS1038-7 (*Id.* at 4); a copy of a printout from the Public Index with respect to warrant F340860/1997-GS-10-05464, which indicates that the matter was nol prossed because Plaintiff pled to other charges (*Id.* at 5); and a copy of the Public Index with respect to a charge of possession of crack cocaine in Warrant No. F340859/1997-GS-10–5463 (*Id.* at 6). Excerpts from Plaintiff's medical records relating to the fall and injury to Plaintiff's right knee are also included (ECF No. 1-3 at 1–4). Among the various attachments are Plaintiff's declaration that Judge John Doe and prosecutor John Doe entered an unauthorized guilty plea on Plaintiff's behalf on February 22, 2012 (ECF 1-4) and Plaintiff's cover letter (ECF No. 1-5).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Even if Plaintiff's allegations are true, the above-captioned case is subject to summary dismissal because a right of action has not accrued.  *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); and *Mills v. Greenville County*, 586 F. Supp. 2d 480, 489–90 (D.S.C. 2008) (until litigant shows that conviction or sentence has been invalidated, civil action barred by *Heck*).

Plaintiff's exhibits, however, indicate that the charge of assault with intent to commit CSC (criminal sexual conduct) was nolle prossed sometime after the South Carolina Court of Appeals reversed the conviction on direct appeal (ECF No. 1-2 at 5); *see also* the unpublished opinion of the Supreme Court of South Carolina in Plaintiff's post-conviction case, *Heyward v. State of South Carolina*, Memorandum Opinion No. 2010-MO-004 (S.C. Mar. 1, 2010) ("Thereafter, Heyward sought post-conviction relief (PCR) from his kidnapping conviction, contending his constitutional rights to due process were violated when trial counsel conceded he was guilty of assault, without prior consultation of this strategy and without his consent.").

Defendant Armstrong is immune from suit for her official actions as the Clerk of Court for Charleston County in Plaintiff's various cases.  *Forrester v. White*, 484 U.S. 219, 226–27 (1988); *see also Abebe v. Propes*, Civil Action No. 0:11-1215-MBS-PJG, 2011 WL 2581385 (D.S.C. June 3, 2011) (collecting cases), *adopted by* 2011 WL 2600593 (D.S.C. June 29, 2011).

The unknown ("John Doe") South Carolina Circuit Judge is immune from suit for actions taken in Plaintiff's criminal cases.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of

4

damages."). The unknown ("John Doe") prosecutor has prosecutorial immunity for actions taken in Plaintiff's criminal cases. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009).

The named Defendants are not responsible for Plaintiff's medical care in the South Carolina Department of Corrections. *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C. July 25, 2007) (a plaintiff suing a government official in his or her individual capacity must show that the official personally caused or played a role in causing the deprivation of a federal right).

### *Recommendation*

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

February 26, 2014                                             s/ Kevin F. McDonald
Greenville, South Carolina                                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).